IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE

DISTRICT OF PENNSYLVANIA

EARNEST SCOTT, JR.[1]

    Plaintiff,

V.

C.O. SUYDAM, ETAL,.

    Defendant(s),

:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.

3:24-cv-00335-KM-EW

Judge Mehalchick

JURY TRIAL DEMANDED

FILED
SCRANTON

AUG 0 6 2024

Per _____

DEPUTY CLERK

## SECOND AMENDED COMPLAINT

Plaintiff, Earnest Scott, Jr.[1] (Pro-Se) hereby submits this "Second Amended Complaint" to add relevant matters that has occurred at the time this action began, pursuant to Fed. R. Civ. P. 15(d) plaintiff intends to add relevant Correction Defendants, and avers more specifically below . :

## I. JURISDICTION and VENUE.

1. This court has original jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 (a), (3).

2. The MIDDLE DISTRICT OF PENNSYLVANIA is an appropriate Venue under 28 U.S.C. § 1391 (b), (2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

---

[1] Plaintiff's commit name is spelled "Ernest Scott", however, Plaintiff's Legal Name is spelled "Earnest Scott, Jr" and this is the name that will be utilized in Further Proceedings.

## II. PARTIES.

3. Plaintiff, <u>Earnest Scott, Jr.</u> is currently an Inmate at The State Correctional Institution at Huntingdon under the care, custody, and control of The Pennsylvania Department of Corrections.

4. Defendant, <u>Pennsylvania Department of Corrections</u>, is a Public Entity responsible for the care, custody, and control of ALL Inmates and Ensuring, that during Daily Operations ALL Inmates who are Mentally and Physically Disabled are undergoing an Inter-Active Process with ALL Inmates who are Mentally and Physically disabled, this defendant was acting under color of State Law and is being sued in its (OFFICIAL CAPACITY).

5. Defendant, <u>Laurel R. Harry,</u> is a Secretary of Corrections employed by The Pennsylvania Department of Corrections responsible for overseeing ALL State Correctional Institutions, and Policies, Rules, and Regulations of The Pennsylvania Department of Corrections; She at all times relevant hereto was acting under color of State Law, she's being sued in her (OFFICIAL CAPACITY).

6. Defendant, <u>Robert Gimble</u>, is a Deputy For Institutional operations employed by The Pennsylvania Department of Corrections at Central office, he at all times relevant hereto was acting under color of State Law he's being sued in his (OFFICIAL CAPACITY).

7. Defendant, <u>John Rivello</u>, is a Corrections Superintendent 3 employed by The Pennsylvania Department of Corrections at SCI-Huntingdon, responsible for The care, custody, and control of ALL Inmates thereto he at all times relevant hereto was acting under color of state Law he's being sued in his (official capacity).

8. Defendant, <u>Jon Kohler</u>, is a Deputy Superintendent For Facility Management (D.S.F.M.) employed by The Pennsylvania Department of Corrections at SCI Huntingdon, who's responsible for the care, custody, and control of ALL Inmates, he at all times relevant hereto was acting under color of State Law, he's being sued in his (official Capacity).

9. Defendant, <u>Jill Spyker</u>, is a Deputy For Centralized services (D.S.C.S) employed by The Pennsylvania Department of Corrections at SCI-Huntingdon, she at ALL times relevant hereto is responsible for Medical and Mental Services, as well as care, custody, and control of ALL Inmates, she at all times relevant hereto was acting under color of State Law, she's being sued in her (official Capacity).

10. Defendant, <u>W. House</u>, is a Major of The Guard employed by The Pennsylvania Department of Corrections at SCI-Huntingdon, who's responsible for the care, custody, and control of ALL inmates at SCI-Huntingdon, he at all times relevant hereto was acting under color of state

Law, he's being sued in his (OFFICIAL CAPACITY).

11. Defendant, C. Hoy, is a Major For Unit Management employed by the Pennsylvania Department of Corrections at SCI-Huntingdon responsible for Unit Management, and the care, custody, and control of ALL Inmates at SCI-Huntingdon, she at all times relevant hereto was acting under color of State Law, she's being sued in her (official Capacity).

12. Defendant, Tim Strait, is a Correction classification Manager / Prea Compliance Manager employed by The Pennsylvania Department of Corrections at SCI-Huntingdon, who's responsible for the care, custody, and control of ALL Inmates, he at all times relevant hereto was acting under color of state Law, he's being sued in his (official Capacity).

13. Defendant, Sean McCorkle, is a Corrections Health Care Administrator employed by The Pennsylvania Department of Corrections at SCI-Huntingdon, he's responsible for ensuring ALL Inmates who submit an Accommodation Form For Disability's undergo an Inter-Active Process, he at all times relevant hereto was acting under color of state Law he's being sued in his (official Capacity).

14. Defendant, Scott Ellenberger, is a Corrections Hearing Examiner employed by The Pennsylvania Department of Corrections at SCI-Huntingdon who's

responsible for <u>hearing</u> and <u>adjudicating</u> Institutional write-ups, he at all times relevant hereto was acting under color of state Law, he's being sued in his (official / Individual capacity).

15. Defendant, <u>Henry</u>, is a C/O4 / Captain at SCI-Huntingdon employed by The Pennsylvania Department of Corrections, she at all times relevant hereto was acting under color of state Law, she's being sued in her (Individual / official capacity).

16. Defendant, <u>Beish</u>, is a Unit Manager of Alpha Block at SCI-Huntingdon, employed by The Pennsylvania Department of corrections, he at all times relevant hereto was acting under color of state Law, he's being sued in his (Individual / official capacity).

17. Defendant, <u>Anthony Miller</u>, is a C/O3 / Lieutenant employed by The Pennsylvania Department of corrections at SCI-Huntingdon, he at all times relevant hereto was acting under color of state Law, he's being sued in his (Individual / Official capacity).

18. Defendant, <u>Lamberson</u>, is a Sargent / C/O2 employed by The Pennsylvania Department of Corrections at SCI-Huntingdon, she at all times relevant hereto was acting under color of state Law, she's being sued in her (Individual / official capacity).

19. Defendant, <u>Johnson</u>, is a Sargent / C/O2 employed by The Pennsylvania Department of Corrections at SCI-Huntingdon, he at all times relevant

hereto was acting under color of state Law, he's being sued in his
(Individual / official capacity).

20. Defendant, <u>Stoltzfus</u>, is a Corrections officer 1 employed by The
Pennsylvania Department of Corrections at SCI-Huntingdon, he at
all times relevant hereto was acting under color of state Law,
he's being sued in his (Individual / official capacity).

21. Defendant, <u>Laborde</u>, is a Corrections officer 1 employed by The
Pennsylvania Department of Corrections at SCI-Huntingdon, he at all
times relevant hereto was acting under color of state Law, he's
being sued in his (Individual / official capacity).

22. Defendant, <u>Weakland</u>, is a Corrections officer 1 employed by The
Pennsylvania Department of Corrections at SCI-Huntingdon, he at all
times relevant hereto was acting under color of state Law, he's being
sued in his (Individual / official capacity).

23. Defendant, <u>WILT</u>, is a Corrections officer 1 employed by The
Pennsylvania Department of Corrections at SCI-Huntingdon, he at
all times relevant hereto was acting under color of state Law, he's
being sued in his (Individual / official capacity)

24. Defendant, <u>Croft</u>, is a Corrections officer 1 employed by The
Pennsylvania Department of Corrections at SCI-Huntingdon, he at all times
relevant hereto was acting under color of state Law, he's being sued in
his (Individual / official capacity).

25. Defendant, Mosely, is a corrections officer 3 employed by The Pennsylvania Department of Corrections at SCI-Huntingdon, who's responsible for The Improper Use of Force on July 2, 2024, he at all times relevant hereto was acting under color of state law, he's being sued in his (Individual / Official Capacity).

26. Defendant, McCaulley, is a corrections officer 1 employed by The Pennsylvania Department of Corrections at SCI-Huntingdon, who is responsible for the Improper / Excessive Force on February 10, 2024 and July 2, 2024, he at all times relevant hereto was acting under color of state law, he's being sued in his (Individual / OFFICIAL Capacity).

27. Defendant, Renninger, is a corrections officer 1 employed by The Pennsylvania Department of Corrections at SCI Huntingdon, who's responsible for the Use of Excessive Force on February 10, 2024, he at ALL time relevant hereto was acting under color of state law, he's being sued in his (Individual / official capacity).

28. Defendant, Suydam, is a corrections officer 1 employed by The Pennsylvania Department of Corrections at SCI-Huntingdon, who's responsible for the Improper / Excessive Force on February 10, 2024, and July 2, 2024, he at all times relevant hereto was acting under color of state law, he's being sued in his (Individual / Official capacity).

30. Defendants, John / Jane Doe 1, 2, and 3, are Corrections officer's 1 employed by The Pennsylvania Department of Corrections at SCI Huntingdon, who's responsible for the Use of Excessive Force on February 10, 2024, they at All times relevant hereto were acting under color of State Law, and are being sued in their (Individual / Official Capacity).

31. Defendant, Scott Klinefelter, is a Corrections Superintendent 3 at The State Correctional Institution at Houtzdale employed by The Pennsylvania Department of Corrections, Who's responsible for the care, custody, and control of All Inmates at SCI-Houtzdale, he at all times relevant hereto was acting under color of State Law, he's being sued in his (Official Capacity).

32. Defendant, Michelle Ivicic, is a Deputy Superintendent For Centralized Services at SCI-Houtzdale, employed by The Pennsylvania Department of Corrections, who's responsible for ensuring ALL inmates at SCI-Houtzdale are recieving proper Medical / Mental Health Services, she at all times relevant hereto was acting under color of State Law, and she's being sued in her- (OFFICIAL CAPACITY)

33. Defendant, Jon Altenus, is a Corrections Health Care Administrator employed by The Pennsylvania Department of Corrections at SCI-Houtzdale, who's responsibility is the same as Correction Defendants in paragraph

13, he at all times relevant hereto was acting under color of State Law; he's being sued in his (Official Capacity).

34. Defendant, Emigh, is a correction officer 1 employed by The Pennsylvania Department of Corrections at SCI-Huntingdon, responsible for SEXUAL HARRASSMENT on June 15, 2024, he at all times relevant hereto was acting under color of State Law, he's being sued in his (Individual capacity).

35. Defendant, Erica Benning, is a Director for the Bureau of Health Care Services employed by The Pennsylvania Department of Corrections at Central office, responsible for reviewing and approving/disapproving ADA forms, she at all times relevant hereto was acting under color of State Law, she's being sued in her (Official Capacity).

36. Defendant, Tiffany Frackler, is an ADA coordinator employed by The Pennsylvania Department of Corrections at Central office, she at all times relevant hereto was acting under color of State Law, she's being sued in her (Official Capacity).

37. Defendant, Erin Brown, is the Office of Population Manager (OPM) employed by The Pennsylvania Department of Corrections at Central office, she at all times relevant hereto was acting under color of State Law, she's being sued in her (Official Capacity).

38. Defendant, Sean Bresnahan, is a Licensed Psycologist Manager

(L.P.N.) hired by Correct care solution, who's under a contract with the Pennsylvania Department of corrections, he at all times relevant hereto was acting under color of state Law, and he's being sued in his (Individual / official capacity).

39. Defendant, <u>Jessica Cousins</u>, is a certified Registered Nurse Practitioner, (C.R.N.P.) employed by The Pennsylvania Department of Corrections at SCI-Huntingdon, she at all times relevant hereto was acting under color of state Law, she's being sued in her (Individual / official Capacity).

## III. FACTUAL ALLEGATION(S).

40. On <u>December 11, 2023</u>, Mr. Scott was seen by "PRT" (Psychiatric Review Team) at SCI-Houtzdale, to which consisted of The Mental Health Coordinator Ryan Edwards, Matthew Fetsko, Sean Bresnahan (L.P.M.).

41. Upon entering this meeting Ryan Edwards informed the plaintiff; "Hey Mr. Scott ?!. You've been approved a downgrade from a D-code stability to a C-code stability !.".

42. As this process was not done with another Mental Health Evaluation, to which I stated this to Ryan Edwards, and Sean Bresnahan interjected; "Mr. Scott we don't need to do another Evaluation on you !!. When you're seen by a Psych Doctor, and tell them you're good on your Meds that is your Evaluation End of Discussion !!."

43. Therefore, there was No Kind of Inter-Active process done by Correction Defendants <u>Sean Bresnahan</u>, <u>Michelle Ivicic</u>, and The <u>Pennsylvania Department of Corrections</u>, and <u>Scott Klinefelter</u>, as required by the ADA/RA Title II.

44. Furthermore, upon Mr. Scott's arrival at The State Correctional Institution at Huntingdon, Mr. Scott was seen by P.R.T. (Psychiatric Review Team) Ms. Cousins on <u>January 23, 2024</u>.

45. While in this meeting, Mr. Scott attempted to explain in this meeting, that his ("D-code stability was taken from him in Retaliation of filing Lawsuits and grievances at SCI-Houtzdale about his Mental Health needs not being met/followed in accordance with D.O.C. policy 13.8.1 (Access To Mental Health Care) or the ADA/RA Title II)."

46. However, Ms. Cousins on the Psychiatric Review Team concurred with SCI-Houtzdale staff/Correction Defendants Ivicic, Bresnahan, Klinefelter, and the staff at central office Erin Brown, Erica Benning, Laurel R. Harry, and Robert Gimble. Instead of ordering a Mental Health Evaluation in accordance with Department Policy 13.8.1. (Access To Mental Health Care Policy) and Federal Statute ADA/RA Title II.

47. Moreover, before Departing SCI-Houtzdale, Mr. Scott submitted an ADA Accommodations Form to Correction Defendant <u>Jon Altemus</u> to be Re-Evaluated and Accommodated for a D-code Stability, however, Correction Defendant <u>Jon Altemus</u> failed to adequately undergo an Inter-Active Process

<u>11</u> of <u>28</u>

with Mr. Scott to see how to best Accommodate Mr. Scott's Mental and Physical Disability.

48. Correction Defendant <u>Jon Attemus</u> is subjecting Mr. Scott to Discrimination, Differential Treatment, and Disparate Treatment by reasons of his Mental and Physical Disability, as he's also Retaliating against Mr. Scott due to a pending civil suit against him <u>see; 3:21-cv-00194-KAP</u>.

49. Furthermore, Mr. Scott submitted a second ADA Accommodations Form with Correction Defendant <u>Sean McCorkle</u> on January 29, 2024.

50. As Mr. Scott respectfully requested that his Type 1 Diabetes be Accommodated with 4 times a day Accurcheks and Insulin, and (2) 500 caloric snack bags, so that he may be able to <u>exercise</u> appropriately, as Mr. Scott cannot workout without snack bags with protein in it, because his sugars will drop extremely Low without them.

51. Due to this accommodations not being <u>Granted</u>, this is causing Mr. Scott's Hemoglobin A1c / Type 1 Diabetes, and his Diabetic Neuropathy to get worse and worse every (6) Months to (1) year.

52. Moreover, on <u>February 15, 2024</u> Registered Nurse Supervisor Kirk Rolland approached Mr. Scott's cell door with the results to Mr. Scott's ADA Accommodation requests submitted on <u>January 29, 2024</u> of it being denied without <u>ANY</u> <u>Inter-Active Process</u>.

53. To which Sean McCorkle, Jon Attemus, Sean Bresnahan, Michelle Ivicic,

Jill Spyker, Scott Klinefelter, John Rivello, Erica Benning, Tiffany Frackler, Erin Brown, Robert Gimble, failed to adequately interact with

Mr. Scott, and undergo an Inter-Active Process with Mr. Scott, to see how to best Accommodate Mr. Scott's <u>Mental</u> and <u>Physical Disabilities.</u> Instead they are trained to Antagonize and make fun of Mr. Scott's Disabilities.

54. Therefore, Correction Defendants, McCorkle, Attenus, Bresnahan, Ivicic, Spyker, Klinefelter, Rivello, Benning, Frackler, Brown have and still is <u>denying/excluding</u> Mr. Scott from benefits of services, programming, and Activities of a "<u>PUBLIC ENTITY</u>", by reasons of his Disabilities, to which he's being subjected to <u>Differential Treatment</u>, <u>Disparate Treatment</u>, and <u>Discrimination</u> by reasons of his Mental and Physical disability in violation of Mr. Scott's <u>ADA/RA</u> <u>Title II.</u>

55. As under 42 U.S.C. §§ 12101 - 12213 of The ADA/RA Title II prevents discrimination against people with disabilities including prisoner's. The ADA/RA Title II requires The Pennsylvania Department of Corrections and its employees to provide qualified individuals with disabilities, with the benefits of services, programming, or activities, that are availible to other Mental and Physically disabled prisoner's.

56. At all times relevant hereto, Mr. Scott is rendered Mentally and Physically

Impaired, as defined under the ADA/RA Title II, to which significantly

restricts Mr. Scott's Major Life Activities.

57. Instead of Accommodating Mr. Scott's Type 1 Diabetes Correction Defendants and The Pennsylvania Department of Corrections are subjecting Mr. Scott to __Differential Treatment__ and __Adverse Actions__ to his Physical Health such as Diabetic Neuropath, Loss of Eyesight, and D.K.I.A. (Diabetic Ketoacidosis).

58. Instead of Accommodating Mr. Scott's Mental and Physical Disabilities by undergoing an __INTER-ACTIVE__ process, Correction Defendants and The Pennsylvania Department of Corrections are subjecting Mr. Scott to __Disparate__ treatment of "__Deteriating__" his Mental Health, and to his Type 1 Diabetes. And __Discrimination__ by reasons of his Disabilities.

59. Plaintiff Mr. Scott would have not been injured, had ALL superior Correction Defendants provided Mr. Scott with proper Mental Health and Medical Services for his Type 1 Diabetes as required by The ADA/RA Title II, and as required by the 13.8.1. policy for the D.O.C. and the 006 Accommodation For Inmates policy.

60. As other Mentally and Type 1 Diabetics were not or isn't being subjected to the same treatment as plaintiff that are "similarly situated."

61. Furthermore, upon my arrival to the state Correctional

Institution at Huntingdon, Mr. Scott was seen by P.R.C. (Program Review Committee), to which consisted of Major Loy, Major W. House, and Deputy Jon Kohler.

62. Upon this Program Review committee Review Mr. scott was questioned by Jon Kohler ; "why did you transfer here ?!." Mr. Scott responded ;"I don't know !. You are administration, you should Know the reason !!."

63. Correction Defendant Kohler responded ;" My security Department recommended you be released to General population here !!. You give _ANY_ of my staff _ANY_ problems here !!. I'll bury you in the RHU !!."

64. Upon my Arrival to General Population on _January 24, 2024_ everything was normal until _January 30, 2024_.

65. On _January 30, 2024_ at approximately 4:30pm count cleared and Dinner Trays were being served, as it was being served Mr. Scott's blood sugar dropped Low !.

66. Mr. Scott at this time lived on Tier 2 in 238-1 cell, which required him to have to walk down a flight of stair to recieve his Tray, Tier 2 was called, so Mr. Scott asked his cellmate at the time ; "Did he mind going to get my tray for me ?. Because my sugar is _LOW_ ?!."

67. Mr. scott's cellmate at the time was Tristan Gerow, and he knows

how serious Type 1 Diabetes is, because his Grandmother Died from

Type 1 Diabetes.

68. As my cellmate at the time went to get Mr. Scott's tray, the Blockworker would not allow Mr. Scott's cellmate to grab Mr. Scott's tray, so Mr. Gerow asked Sgt. Lamberson, and she stated; "If his sugars LOW shouldn't he goto Medical?."

69. Mr. Scott's cellmate then requested Correction Defendant Lamberson to "Call medical for him then !!." as Correction Defendant Lamberson refused to do so by stating; "No he'll be fine to come get his own tray !!"

70. Mr. Scott then wrote a DC-135 (A) Request To Staff Member to Unit Manager B. Beish, and Major C. Loy of Correction Defendant Lamberson's unethical conducts on January 30, 2024, to which both Correction Defendants concurred with Correction Defendant Lamberson's Unethical CONDUCTS, "ACQUIESEING" in the aforesaid misconduct incident.

71. Furthermore, on February 8, 2024 while Mr. Scott was leaving Alpha Unit to goto yard, Mr. Scott's cellmate Tristan Gerow asked C/O1 Wilt, Weakland, and Correction Defendant Johnson for a grievance, due to him mistakenly leaving Personal Property in 238 cell, and Correction Defendants Wilt, Weakland, and Johnson not allowing Mr. Gerow to go get his Personal Property.

72. To which Mr. Scott overheard Clot Wilt, Weakland both stated to Mr. Scott's cellmate; "You know what !!. You and your cellie are barking up the wrong tree with these grievances and Lawsuits!!."

73. Mr. Scott then proceeded to goto yard, however, subsequently Mr. Scott wrote a DC-135(A) Request To staff Member to Major C.Loy on February 8, 2024 of Mr. Scott writing to Correction Defendants B.Beish, about issues he was having on First and second shifts, but he's not rectifying theses issues.

74. Moreover, Correction Defendant <u>C.Loy</u> concurred with Correction Defendant <u>B.Beish</u> by forwarding this request slip to Correction Defendant <u>Beish</u> on <u>February 9, 2024</u>.

75. To which a day later Correction Defendant <u>Stoitzfus</u> on <u>February 10, 2024</u> <u>**RETALIATED**</u> against Mr. Scott while he was Engaged in a Protected conduct against the whole <u>second</u> and <u>First</u> shift, by utilizing a DC-141 Misconduct on Mr. Scott based on <u>"FALSE PRETENSES"</u>. To which subjected Mr. Scott to <u>"ADVERSE ACTIONS"</u>.

76. Furthermore, on <u>February 10, 2024</u> at approximately 7:51pm Correction Defendant Anthony Miller, who Mr. Scott Knows very well from <u>SCI Houtzdale</u> requested that Mr. Scott "Cuff up to be restrained to go to the Security Level 5 Housing Unit !!."

77. Mr. Scott then questioned Correction Defendant Anthony Miller; "Don't we

Know eachother ?" to which Correction Defendant Miller responded ; "Yeah

we know each other from SCI-Houtzdale now cuff-up !!."

78. As this account of this Excessive Force was recorded on (Handheld Audio Camera), Mr. Scott further questioned Correction Defendant Miller ; "Do you have **PERSONAL KNOWLEDGE** of my civil suits against SCI-Houtzdale ??!." Correction Defendant Miller responded ; "Yes I do !!."

79. Mr. Scott then stood up to be restrained to be taken to the Security Level 5 Housing Unit by Correction Defendant McCaulley ; in doing so, Mr. Scott then passed out due to his sugar dropping **LOW** !.

80. Mr. Scott then awoke to people carrying him, as Mr. Scott did not know what was going on, so Mr. Scott can be heard screaming "Get off of me !! Where am I going ?!", Mr. Scott was then slammed excessively on to the ground causing injury to the left side of his (Facial Area) specifically, (swelling).

81. By Correction Defendants McCaulley, Suydam, Renniger, Miller and John Doe 1, 2, and 3 collectively "*Aided and Abetted*" in utilizing Excessive Force on Mr. Scott, to which violates Mr. Scott's Eighth Amendment.

82. Furthermore, when Mr. Scott was placed into the Psychiatric Observation Cell (P.O.C.), Mr. Scott began banging his head off of the P.O.C. cell door on (Handheld Audio Camera), while doing so, Correction Defendant Renniger **MALICIOUSLY** and **SADISTICALLY** pulled his OC-spray on

Mr. Scott, but did not utilize it, in violation of Mr. Scott's Eighth

Amendment, as there was NO PENOLOGICAL JUSTIFICATIONS, as to

the aforesaid Correction Defendants utilization of Excessive Force.

83. Mr. Scott was admitted into the P.O.C. (Psychiatric Observation Cell)

on February 10, 2024.

84. Mr. Scott was released from P.O.C. February 13, 2024.

85. Mr. Scott was seen by Hearing Examiner Scott Ellenberger on

February 14, 2024, upon being seen by Scott Ellenberger, he stated to

Mr. Scott; "oh you're my center guy!. I already spoke to staff about

you!. The way you acted, I'm going to give you some time in the

R.H.U.!"

86. Mr. Scott then responded; "How could you give me time in the RHU,

if you never heard my side of the story?!. And only staffs side of

the story ?!"

87. Correction Defendant Scott Ellenberger stated to Mr. Scott; "Because

I work here!. And I'm pretty close with ALL staff that works here!.

And if they say you did what was written on this Misconduct, then

you did it!!."

88. Mr. Scott was placed under duress and coerced by Scott Ellenberger

on February 16, 2024, that if Mr. Scott did not PLEA guilty on ~~both~~ one of the

charges, he would find Mr. Scott guilty on Both charges and give

Mr. Scott (90) days per charge for a total of (180) days.

<u>19</u> of <u>28</u>

89. Scott Ellenberger has sufficiently violated Mr. Scott's Fourteenth Amendment (Due-Process) by not being "FAIR and IMPARTIAL" Hearing Examiner, due to him being close friends with ALL Corrections officer's and staff at SCI-Huntingdon.

90. As Scott Ellenberger's ACTIONS and CONDUCTS in this Hearing CONSPIRED to RETALIATE with Correction Defendants Stoltzfus, Laborde, Lamberson, Wilt, Weakland, C.Loy, B.Beish to subject Mr. Scott to Further "ADVERSE ACTIONS". By sanctioning Mr. Scott to (30)days Disciplinary R.H.U. time and Loss of Job.

91. Furthermore, Correction Defendant Laborde was assigned to work the R.H.U. at 6:05am - 6:18am on February 15, 2024

92. While housed in GA-115-1 cell while serving Mr. Scott his breakfast tray, Correction Defendant Laborde stated to Mr. Scott in a Hostile/ Threatening manner; "You will sign off on that grievance you put in on Me, Lamberson, and Stoltzfus or we're going to make your life Hell here !!".

93. Correction Defendant Laborde is a second shift regular who works on Alpha Unit with Correction Defendants Stoltzfus and Lamberson.

94. Furthermore, on June 15, 2024 at approximately 6:30am - 6:38am Correction Defendant Emigh can be seen Leaving GD-quad, upon doing so, he turned back to Mr. Scott's cell and stated; "Hey faggot !!. Get up you (unfortunate derogatory language) sucking faggot !. come July 1, I'll

be working down here and I'm going to have fun with you !!." Mr.

Scott then asked Correction Defendant Emigh ; "Please get away from

my cell door !.", to which he did not, he stayed at Mr. Scott's cell

door, staring into Mr. Scott's cell for approximately 2-3 minutes, then

he walked away.

95. Subsequently, on <u>June 15, 2024</u> at approximately 10:30am - 10:38am

this same day, after Lunch Trays were collected, Correction Defendant

Emigh approached Mr. Scott's cell door again and stated ; "Wake up you

fucking dick sucking faggot !! you like filing grievances and Lawsuits !!.

I'm going to teach you a Lesson that none of that works around

here !!." While pointing at Mr. Scott's window on Camera.

96. To which this violates my First Amendment due to the deragatory

Sexual Harrassment remarks, and <u>**CAMPAIGN HARRASSMENT**</u> and

<u>**RETALITORY CONDUCTS**</u>. To which are on Preserved Camera footage.

97. Furthermore, on <u>April 12, 2024</u> at approximately 8:15am - 8:45am

while C-yard movement was being conducted, the initial movement for

this yard began at 8:32am, Correction Defendant <u>Croft</u> then unsecured

High Side 3 at this time.

98. Then Last call was called at approximately 8:34am, to which at

this time Correction Defendant Croft secured high side 3, instead of

waiting the (2) minutes after "<u>LAST CALL</u>" was called, causing Mr. Scott

and his cellmate to miss yard, to which violates Mr. Scott's

ADA/RA Title II, the injuries sustained has caused Mr. Scott Intentional

Inflection of Emotional Distress, mental Anguish, PTSD, and severe shock.

99. Furthermore, on <u>July 2, 2024</u> at approximately 5:30pm - 5:58pm

c/o1 K. McCaulley and c/o1 Suydam collectively again "<u>**AIDED and ABETTED**</u>"

on utilizing <u>Improper</u> Use of Excessive Force upon Mr. Scott by

<u>**UNLAWFULLY**</u> deploying OC-spray into Mr. Scott's cell with "<u>No</u>

<u>**LEGITIMATE PENOLOGICAL JUSTIFICATIONS**</u>", as there <u>Actions</u> and <u>Conducts</u>

were completely <u>**UNJUSTIFIABLE**</u>. To which violates Mr. Scott's Eighth

Amendment.

100. As Lieutenant Mozely failed to Intervene and De-Escalate the

situation in violation of Plaintiff's Eighth Amendment.

101. Furthermore, on <u>July 2, 2024</u> at approximately 5:30pm - 5:48pm

Correction Defendant K. McCaulley and Suydam refused to follow a

prescribed Doctor's order by not going to the Kitchen to get Mr. Scott's

second snack bag (Interferring) with a prescribed Doctor's order's in

violation of plaintiff's Eighth Amendment.

102. Furthermore, Plaintiff was written up by Correction Defendant McCaulley

on <u>July 2, 2024</u> for Refusing To Obey An order.

103. Moreover, Correction Defendant K. McCaulley alleges that Plaintiff

Refused Multiple order's to <u>uncover</u> his cell door with the Towel.

104. Furthermore, There's (VIDEO FOOTAGE) preserved with (2) grievances that will substantiate plaintiff not being covered up with a Towel.

105. On July 8, 2024 Mr. Scott was found Guilty of this misconduct # F227930, based on "FALSE PRETENSES".

106. To which Hearing Examiner Scott Ellenberger again violated Mr. Scott's Fourteenth Amendment (Due-Process), due to Plaintiff requesting the (Handheld Audio Camera Footage), and Correction Defendant Ellenberger not allowing Plaintiff the oppurtunity to present this Evidence to substantiate that plaintiff was not covered up.

107. To which, Scott Ellenberger Justifications on the DC-141 Part 2(A) Inmate Request For Representation and witness Forms was ; "No Incident happened prior to arrival of handheld Camera".

108. Therefore, the failure of Correction Defendant Scott Ellenberger to allow this Camera footage as Mr. Scott's witness violates Mr. Scott's Fourteenth Amendment (Due-Process).

109. Mr. Scott has grieved and Exhausted ALL availible remedies pertaining to ALL issues presented herewith.

110. Mr. Scott has written "MULTIPLE" Letter's To Korrection Defendant Laurel R. Harry (Secretary of Corrections) of ALL of The aforesaid Misconduct Incidents, but she too "ACQUIESED" in the aforesaid Misconduct Incidents, by failing to abate/Rectify them.

111. Correction Defendant Laurel Harry failed to address these issues by passing Mr. Scott's issues to her staff Assistants.

112. Furthermore, Mr. Scott attempted to write DC-135(A) Request Slip, to which he too carbon copied to Correction Defendants B. Beish, C. Lay, Kohler, Spyker, Rivello, House, Strait, however, to <u>NO AVAIL</u> had he recieved ANY Relief or Rectification (s).

113. ALL Correction Defendants had "<u>PERSONAL KNOWLEDGE</u>" of the aforesaid misconduct incidents and "<u>ACQUIESED</u>" in the aforesaid Misconduct Incidents mentioned herewith.

## IV. <u>CLAIMS FOR RELIEF</u>.

<u>COUNT 1</u>: VIOLATION OF ADA / RA Title II (AMERICANS WITH DISABILITY ACT / REHABILITATIONS ACT TITLE II)

114. Defendant, <u>Pennsylvania Department of Corrections</u>, has failed to adequately monitor, supervise, and control the <u>conducts</u> and <u>actions</u> of subordinate officials where Plaintiff Mr. Scott, a qualified individual with a disability was <u>denied / excluded</u> the opportunity to participate in or benefit from the services, programs, or activities of a "<u>Public Entity</u>", or was otherwise subjected to discrimination by reasons of his disability, and subjected to differential treatment and disparate treatment by reasons of his disability, because the Pennsylvania Department of Corrections failed to undergo an Inter-

Active Process to see how to best accommodate Plaintiff's <u>Type 1</u>

<u>Diabetes</u> and <u>Mental Disorder's</u>.

115. Defendants, Laurel R. Harry, Robert Gimble, John Rivello, Jon Kahler, Jill

Spyker, W. House, C. Lay, T. Strait, Jessica Cousins, Sean McCorkle, Jon

Altemus, Bresnahan, Klinefelter, Ivicic, Benning, Frackler, Brown, Croft, PADOC
**ALL HAVE FAILED TO:**

    **a.)** Adopt or Implement appropriate policies;
    **b.)** Discipline staff, employer's, workmen, and/or agents for violations;

    **c.)** Ensure safety of those in their care, custody and control;

    **d.)** Monitor the "<u>Health</u> and <u>Welfare</u>" of those in the custody of

the Pennsylvania Department of Corrections;

    **e.)** Provide appropriate medical attention to those in the custody of

the (PADOC);

    **f.)** Comply with the Laws, codes, or ordinances and regulations of

the "<u>**CONTROLLING GOVERNMENT**</u>".

116. Plaintiff re-alleges and incorporates paragraphs 1-115 herein by reference.

**COUNT 2 : FIRST AMENDMENT (RETALITORY CONDUCT)**

117. Defendants, Stoltzfus, Laborde, Croft, C. Lay, Lamberson, Wilt, Weakland,

B. Beish, Johnson, Scott Ellenberger, Miller, Emigh, Suydam, McCaulley, collectively

deprived plaintiff of his First Amendment, by Retaliating Intentionally while

Plaintiff was and is Engaged in a Protected Conduct/Activity for purposes

of The First Amendment in violation of his First Amendment and

Protected by The United States Constitution and secured by Acts of

Congress.

118. Plaintiff re-alleges and Incorporates paragraphs 1-117 herein by reference.

**COUNT 3: EIGHTH AMENDMENT (USE OF EXCESSIVE FORCE)**

119. Defendants, McCaulley, Suydam, Renniger, Miller, and John Doe's 1,2,3,

collectively deprived Mr. Scott of his Eighth Amendment by "AIDING and

ABETTING" on utilizing Excessive Force on Mr. Scott on February 10, 2024

in violation of Mr. Scott's Eighth Amendment secured by Acts of

Congress.

120. Defendants, McCaulley, Suydam, Mozely, collectively deprived Mr. Scott of

his Eighth Amendment by utilizing **UNLAWFUL** use of Excessive Force

by Deploying OC-spray into Mr. Scott's cell with NO PENOLOGICAL

Justifications in an Excessive manner, to which violates Mr. Scott's

Eighth Amendment protected by The United States Constitution secured

by Acts of Congress.

121. Plaintiff re-alleges and Incorporates paragraphs 1-119 herein by reference.

**COUNT 4: EIGHTH AMENDMENT (SEXUAL HARRASSMENT)**

122. Defendant, Emigh, deprived Mr. Scott of his Eighth Amendment, by

Sexually Harrassing plaintiff on (2) occassions in violation of Plaintiff's

Eighth Amendment protected by the U.S. Constitution and secured by Acts of

Congress.

123. Plaintiff re-alleges and Incorporates paragraphs 1-122 herein by reference.

## COUNT 5: FOURTEENTH AMENDMENT (DUE-PROCESS VIOLATION)

124. Defendant, <u>Scott Ellenberger</u>, engagements in unlawful / unethical conducts with Correction Defendants or staff at SCI-Huntingdon, PRIOR to having an Institutional Misconduct hearing, and Ellenberger's **COERCIVE** conducts to forcefully make plaintiff Plea Guilty, makes him **NOT** a

<u>**FAIR**</u> and <u>**IMPARTIAL**</u> Hearing Examiner, as well as Ellenberger being close friends with each staff member here at SCI-Huntingdon, also automatically siding with his friends / co-worker's when there's evidence of staff's wrongful conducts, and The failure to allow plaintiff the oppurtunity to present evidence in his favor. Violates plaintiff Fourteenth Amendment proteced by The United states Constitution and secured by Acts of Congress.

125. Plaintiff re-alleges and incorporates paragraphs 1-124 herein by reference.

## COUNT 6: PUNITIVE DAMAGES

126. ALL of The Correction Defendants mentioned herein, conducts shows that they had "EVIL INTENT" and "EVIL MOTIVE" as well as Reckless Callous Indifference to Plaintiff's Federally Protected Rights, to which <u>warrants</u> Punitive and Liquidated damages.

127. Plaintiff re-alleges and incorporates paragraphs 1-126 herein by reference.

## <u>RELIEF REQUESTED.</u>

WHEREFORE, plaintiff respectfully prays that this court enter an

Judgment granting plaintiff:

128. INJUNCTIVE RELIEF : (1) Body Camera's on ALL staff within

ALL state Correctional Institutions including on ALL Hearing Examiner's,

(2) For D.O.C. Correction Defendants to undergo an Inter-Active Process

Immediately to see how to best Accommodate Plaintiff's Type 1

Diabetes and Mental Health Illnesses ;

129. Punitive Damages In The Amount of : $ 850,000.⁰⁰ ;

130. Compensatory Damages In The Amount of: $ 650,000 (JOINTLLY AND

SEVERALLY) ;

131. Plaintiff's cost for suit ;

132. GRANT Plaintiff such other Relief as it may appear plaintiff is entitled

to.

RESPECTFULLY SUBMITTED,

/S/ Mr. Earnest (Esquire)

MR. EARNEST SCOTT, JR. #Nd-3773

SCI- Huntingdon

1100 Pike Street

DATE: 7/16/2024

Huntingdon, PA 16652-1100




US POSTAGE ᴾᴮ PITNEY BOWES

$ 002.87⁰

ZIP 16652
02 4W
0000372161 JUL. 18. 2024.

INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS

RECEIVED
SCRANTON

AUG 06 2024

PER AMD
DEPUTY CLERK

Smart Communications/PADOC

SCI- Huntingdon

Name EARNEST Scott, JR.

Number Nd - 3773

PO Box 33028

St Petersburg FL 33733

TO: CLERK OF COURTS

235 North Washington Avenue

P.O. Box : 1148

SCRANTON, PA 18501-1148

Non Machinable