UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARNEST SCOTT, JR.,<br><br>　　　　Plaintiff<br><br>　v.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*<br><br>　　　　Defendants. | CIVIL ACTION NO. 3:24-CV-00335<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a Motion to cease legal mail being sent via Smart Communications filed by Plaintiff Earnest Scott, Jr. ("Scott"). (Doc. 72). For the following reasons, the Court will deny the motion .

**I.　BACKGROUND AND PROCEDURAL HISTORY**

Scott, who is an inmate currently housed at the State Correctional Institution Forest ("SCI-Forest") in Marievnille, Pennsylvania, initiated this action by filing a Complaint, which was received and docketed by the Court on February 27, 2024. (Doc. 1). Scott was granted *in forma pauperis* status. (Doc. 13). The operative complaint in this matter is the Second Amended Complaint. (Doc. 33). The parties are currently in the midst of discovery. (Doc. 71). On February 3, 2026, the Court received and docketed Scott's Motion. (Doc. 71). Scott alleges that the delay created by the use of Smart Communications is contrary to the Court's case management order and that sending discovery documents, with include medical and mental health records, through Smart Communications is a violation of federal law. (Doc. 11). Scott has not filed a brief in support of his motion. However, the Court is aware of the

delay caused by the use of Smart Communications and will address his Motoin in full in light of his potential frustrations.

**II.   DISCUSSION**

   A.   DEPARTMENT OF CORRECTIONS POLICY

In September 2018, the Department of Corrections ("DOC") changed its mail policy regarding, among other things, how incoming privileged and nonprivileged mail was handled. *Woodell v. Pa.D.O.C. Secretary of Corrections*, No. 18-4430, 2020 WL 2841380 at*10 (E.D. Pa. June 1, 2020). According to the DOC press releases, the changes were implemented to curb entry of illicit drugs into state prisons through the use of drug-soaked inmate mail. *See Woodell*, 2020 WL 2841380 at*10. Under the new policy, nonprivileged prisoner mail was to be sent to the DOC's contracted processor, Smart Communications, in St. Petersburg, Florida, who would scan the nonprivileged correspondence and provide an electronic copy that would be printed and delivered to the prisoners at their respective facilities. *See Travillion v. Pennsylvania Dep't of Corrections*, No. 1:18-CV-02075, 2023 WL 6796538 at *2 (M.D. Pa. Oct. 13, 2023) (describing 2018 DC-ADM 803 mail policy). This Court has previously summarized the 2018 policy concerning privileged correspondent:

> As for "privileged correspondence," the following system was implemented: (1) incoming privileged mail would be opened and inspected for contraband in the inmate's presence; (2) the incoming privileged correspondence would then be photocopied in the inmate's presence and a photocopy of the legal mail would be provided to the inmate; (3) prison officials would log the privileged correspondence in the "Legal Mail Log," which the inmate had to sign to receive the mail; (4) the original incoming privileged correspondence would then be placed into a sealed envelope inside a lockbox, ultimately to be "securely and confidentially destroyed."

*Travillion*, 2023 WL 6796538 at *2.

The constitutionality of this policy was challenged in federal court, and the DOC agreed that, beginning on April 6, 2019, the copying and retention of inmates' privileged correspondence would end. *See Pa. Institutional L. Project v. Wetzel*, No. 18-cv-2100, Doc. 1 (M.D. Pa. Oct. 30, 2018). Currently privileged mail may be sent directly to the inmate at the institution where he is housed. *See* Commw. of Pa., Dep't of Corr., *Policy Statement* DC-ADM 803: Inmate Mail & Incoming Publications, §§ 1(D)(3) (Aug. 10, 2020). Incoming privileged mail includes, *inter alia*, mail from a court as well as "[m]ail from an inmate's attorney that is either hand-delivered to the facility by the attorney or delivered through the mail system." DC-ADM 803: Inmate Mail & Incoming Publications Procedures Manual Glossary of Terms.

The use of Smart Communications for nonprivileged correspondence, however, remains unchanged of the DOC's current mail system. *See* DC-ADM 803: Inmate Mail & Incoming Publications, §§ 1(A)(3), 1(C)(1)-(5). DC-ADM 803 provides that "[a]ll incoming, <u>non-privileged</u> inmate correspondence must be addressed and sent to the Department's contracted central incoming inmate mail processing center," which is the Smart Communications center located in St. Petersburg, Florida. This Court has consistently held that mail addressed to a plaintiff inmate from a defendant's attorney is nonprivileged. *See e.g. Dewald v. French*, No. 1:22-CV-00317-JPW-EW, Doc. 86 (M.D. Pa. Dec. 4, 2023); *Spotz v. Wetzel*, No. 1:21-CV-01799, 2022 WL 743874 (M.D. Pa. Mar. 11, 2022).

B. Scott's Motion

Here, Scott is requesting that the Court enter an order directing the DOC to treat nonprivileged mail from Defendant's attorney as privileged mail and asserts that failure to do

so through discovery will violate the Health Insurance Portability and Accountability Act ("HIPPA") if medical records are forwarded through Smart Communications. (Doc. 72).

First, the Third Circuit has upheld a finding that the DOC's use of a third-party mail system does not violate HIPPA. *Twitty v. Barns*, No. 22-2801, 2023 WL 3409066 at *2 n.6 (3d Cir. May 12, 2023). Furthermore, DC-ADM 803 requires incoming correspondence to be securely maintained for forty-five days and then securely destroyed unless otherwise directed by the DOC. DC-ADM 803 § 1(C)(4). Additionally, the Court notes that pursuant to DC-ADM 003, Scott can view his medical records directly from the DOC by submitting a form DC-135A. *See* DC-ADM 003. Therefore, Defendants may not be required to send Scott's medical records through Smart Communications.

Based on current DOC policy and the Third Circuit's conclusion that the use of Smart Communications does not violate HIPPA, the Court will deny Scott's motion.

### III. CONCLUSION

For the foregoing reasons, Scott's Motion to cease legal mail being sent to Plaintiff via Smart Communications (Doc. 72) will be denied.

An appropriate order follows.

Dated: February 5, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**